IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**GARY BURKS and CIRI BURKS**                                                          **PLAINTIFFS**

v.                          Case No. 2:13-cv-00062-KGB

**CAMERON MUTUAL INS. CO.,**
**DON THOMAS, and JASON BRAMLETT**                              **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is a motion to sever or, in the alternative, to drop defendants Don Thomas and Jason Bramlett filed by defendant Cameron Mutual Insurance Company ("Cameron") (Dkt. No. 5). Plaintiffs Gary Burks and Ciri Burks have responded (Dkt. No. 7). Cameron has replied (Dkt. No. 12). Also before the Court is plaintiffs' motion to remand (Dkt. No. 8). Defendant Cameron has responded (Dkt. No. 11). Cameron's motion to sever or, in the alternative, to drop defendants Don Thomas and Jason Bramlett is denied (Dkt. No. 5). Plaintiffs' motion to remand is granted, and the case is remanded to the Circuit Court of Phillips County, Arkansas (Dkt. No. 8).

**I.  Background and Procedural Posture**

On March 21, 2013, plaintiffs Mr. and Mrs. Burks filed their complaint in the Circuit Court of Phillips County, Arkansas (Dkt. No. 2). Cameron, Mr. Thomas, and Mr. Bramlett are named as defendants. The parties do not dispute that Mr. and Mrs. Burks are Arkansas residents, Cameron is a Missouri corporation with its principal place of business in Missouri, and Mr. Thomas and Mr. Bramlett are Arkansas residents (Dkt. No. 1).

On January 15, 2013, plaintiffs' floor covering business burned down and "was a complete and total loss" (Dkt. No. 2, ¶4). Plaintiffs owned an insurance policy provided by Cameron at the time of the fire, and plaintiffs allege in their complaint that Cameron "only paid

$20,000 on the Plaintiffs' inventory claim, and has denied that it owes Plaintiffs for any business loses" (Dkt. No. 2, ¶7). Plaintiffs seek from Cameron $129,000 in damages for breach of contract (Dkt. No. 3, ¶ 9).

Plaintiffs also allege that "[a]fter the fire, and without the knowledge consent or approval of Plaintiffs, Defendant Don Thomas proceeded to gather up all of the metal in the burned-out-building, and, treating it as his own, sold it for scrap." (Dkt. No. 2, ¶ 10). Plaintiffs allege that defendant Bramlett assisted or profited from Mr. Thomas's actions. *Id.* Plaintiffs claim Mr. Thomas and Mr. Bramlett committed the intentional tort of conversion, for which plaintiffs seek to recover the fair market value of the converted property and punitive damages.

Cameron removed the case to this Court on May 16, 2013, and filed a motion to sever or, in the alternative, to drop Mr. Thomas and Mr. Bramlett as defendants (Dkt. No. 5). In its notice of removal, Cameron asserts that plaintiffs "fraudulently misjoined Defendants Don Thomas and Jason Bramlett to this action solely for the purpose of obtaining jurisdiction and venue in the Circuit Court of the Phillips County, Arkansas and preventing removal of this case to federal court based on diversity jurisdiction" (Dkt. No. 1, ¶7). Cameron argues that plaintiffs' claim against Mr. Thomas and Mr. Bramlett are for alleged actions that were "unrelated to the fire" and that plaintiffs "do not assert any claims jointly and severally amongst all Defendants, nor is there any question of law or fact common to Defendant Cameron and Defendants Thomas and Bramlett" (Dkt. No. 5, ¶ 12). In its motion to sever, Cameron contends that plaintiffs' "claim against Defendants Bramlett and Thomas should be severed or dropped from this action and should not prevent removal, due to fraudulent joinder." (Dkt. No. 5, ¶ 16).

In their response to Cameron's motion to sever, plaintiffs make new allegations that Cameron acted "in league" with Mr. Thomas and Mr. Bramlett. (Dkt. No. 7, ¶2). Plaintiffs base

these allegations on the argument that plaintiffs never contacted or paid Mr. Thomas and Mr. Bramlett for debris removal and that "[i]t seems most unlikely that Thomas and Bramlett would spontaneously go onto a fire scene without being hired by <u>someone</u> to do so" (Dkt. No. 7, ¶2). Plaintiffs conclude that "Thomas and Bramlett committed these acts without the approval of Plaintiffs, so it is reasonable to assume that Cameron, Thomas, and Bramlett acted in concert." (Dkt. No. 7, ¶3). Plaintiffs argue that extensive discovery is necessary to determine the extent of the relationship between the parties, which they contend would be prevented if Mr. Thomas and Mr. Bramlett were severed from this action.

Cameron asserts that they "need not prove fraudulent joinder for the misjoined Defendants to be dropped," as this Court has the authority to drop Mr. Thomas and Mr. Bramlett as defendants under Fed. R. Civ. P. 21 (Dkt. No. 12). They also contend that plaintiffs cannot recover against Mr. Thomas and Mr. Bramlett as a matter of law, as "conversion requires the knowing intent to deprive the property owner of their rightful possession" and plaintiffs claim that the motives of Mr. Thomas and Mr. Bramlett are unknown (Dkt. No. 12).

**II.     Analysis**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332. The statute requires complete diversity between the parties. *Junk v. Terminix*

*Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C § 1447(c).

The removing party has the burden to show, by a preponderance of the evidence, that removal was proper. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Importantly, courts are required to "'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

Although subject matter jurisdiction exists only when there is complete diversity, an exception to that rule allows a federal district court to "retain jurisdiction where the nondiverse defendant has been fraudulently joined." *Junk*, 628 F.3d at 445. In *Wiles v. Capitol Indem. Corp.*, the Eighth Circuit stated that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." 280 F.3d 868, 871 (8th Cir. 2002) (quoting *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). The district court's "essential function" in fraudulent joinder analysis is to "determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003).

To establish that a diversity-destroying defendant was fraudulently joined and that the federal district court has subject-matter jurisdiction over the action, the defendant seeking removal must "prove that the plaintiff's claim against the diversity-destroying defendant has no reasonable basis in fact and law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (internal quotation marks omitted). *See also Wilkinson v. Shackelford*, 478 F.3d 957, 964

(8th Cir. 2007). This standard requires the defendant "to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Id.* at 980.

Cameron argues that Mr. Thomas and Mr. Bramlett are fraudulently joined because plaintiffs cannot recover against them as a matter of law (Dkt. No. 12). They argue that plaintiffs' conversion claim fails to state a claim for which relief can be granted because the plaintiffs state that "the motives for the alleged debris removal are unknown" and a proper conversion claim "requires the knowing intent to deprive the property owner of their rightful possession." (Dkt. No. 12).

This Court is not persuaded by Cameron's argument and finds that there is a "reasonable basis in fact and law supporting a claim" against at least Mr. Thomas. Plaintiffs' complaint alleges that "[a]fter the fire, and without the knowledge consent or approval of Plaintiffs, Defendant Don Thomas proceeded to gather up all of the metal in the burned-out-building, and, treating it as his own, sold it for scrap" (Dkt. No. 2, ¶ 10). Under Arkansas law, conversion is committed "when a party wrongfully commits a distinct act of dominion over the property of another that is inconsistent with the owner's rights." *Schmidt v. Stearman*, 98 Ark. App. 167, 174, 253 S.W.3d 35, 41 (2007) (quoting *Buck v. Gillham*, 80 Ark. App. 375, 96 S.W.3d 750 (2003)). "The intent required is not conscious wrongdoing but rather an intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights" *Id.*

This Court finds that Mr. Thomas is not fraudulently joined, as there is a reasonable basis for predicting that Arkansas law might impose liability on him for the intentional tort of conversion. The Court does not express an opinion on whether the joinder of Mr. Bramlett is fraudulent. By finding that Mr. Thomas is not fraudulently joined, complete diversity of

citizenship does not exist between the plaintiffs and at least one of the defendants, meaning this Court does not have subject-matter jurisdiction over the action under 28 U.S.C. § 1332.

Cameron argues separately that they may not be joined with Mr. Thomas and Mr. Bramlett because "plaintiffs do not assert any claims jointly and severally amongst all Defendants, nor is there any question of law or fact common to Defendant Cameron and Defendants Thomas and Bramlett" (Dkt. No. 5, ¶12). Cameron claims that they "need not prove fraudulent joinder for the misjoined Defendants to be dropped. This Court may, at any time, pursuant to Rule 21, drop a party who is unrelated to a plaintiff's claim" (Dkt. No. 12).

The Court rejects Cameron's separate argument. Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. Without subject-matter jurisdiction over this action, the Court is unable to take any action other than immediate remand. The Court does not express an opinion on whether the joinder of Cameron, Mr. Thomas, and Mr. Bramlett is proper under either the Federal or Arkansas Rules of Civil Procedure; that dispute is for the Phillips County Circuit Court to decide.

The Court concludes that plaintiffs, both Arkansas citizens, have alleged a colorable state-law claim that has a reasonable basis in law and fact against at least one Arkansas defendant. Thus, complete diversity between the parties is lacking, and this Court lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C § 1447(c), the case must be remanded to the Circuit Court of Phillips County, Arkansas.

**III.    Cost of Removal**

In plaintiffs' response to Cameron's notice of removal and motion to sever, plaintiffs claim that "Cameron's allegations are so misplaced, so transparent, and so frivolous, that this Court should issue sanctions in an amount sufficient to reimburse Plaintiffs' counsel for the time he has spent in responding to the removal" (Dkt. No. 7, ¶7). The Court has the authority to

"require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c).  The standard the Court must consider for awarding fees under § 1447(c) is the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied" *Id.*

      The Court finds that Cameron had an objectively reasonable basis for seeking removal.  Therefore, the Court does not require Cameron to pay the cost and expenses of removal allowed under § 1447(c).

* * *

      Plaintiffs' motion to remand is granted (Dkt. No. 8).  Cameron's motion to sever or, in the alternative, to drop defendants Don Thomas and Jason Bramlett is denied (Dkt. No. 5).  The Court remands the case to the Circuit Court of Phillips County, Arkansas.  28 U.S.C § 1447(c).  The Clerk of Court is directed to take the appropriate action to remand this case.

      SO ORDERED this 27th day of August, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT COURT